# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1   DR. RAJENDRA BOTHRA,
D-3   DR. GANIU EDU,
D-4   DR. DAVID LEWIS,
D-5   DR. CHRISTOPHER RUSSO,

    Defendants.
_____/

CRIMINAL NO. 18-CR-20800

HON. STEPHEN J. MURPHY III

## UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' EXPERTS AT TRIAL

Federal Rule of Criminal Procedure 16(b)(1)(C) requires defendants to disclose written summaries of any expert opinion testimony they intend to offer under Federal Rules of Evidence 702, 703, or 705. These summaries "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C).

Defendant Dr. Lewis has identified four experts he will call to testify at trial, Dr. Russo has identified one expert, and Dr. Bothra has arguably identified one as well.[1] Except for one disclosure—which counsel for Dr. Lewis provided on May

---

[1] Dr. Edu has not identified an expert in any manner.

4, 2022—the defendants have not provided any semblance of a description of the opinions of any of the experts. Therefore, the government moves *in limine* to preclude all of defendants' experts from testifying at trial, except for Dr. Murphy.

The grounds for this motion are set forth in the attached brief. Pursuant to Local Rule 7.1(a), the government sought but did not receive concurrence in this motion.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/*Brandon C. Helms*
Brandy R. McMillion
Brandon C. Helms
Assistant United States Attorneys
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9622
Phone: (313) 226-9639
Email: brandy.mcmillion@usdoj.gov
Email: brandon.helms@usdoj.gov

Dated: May 9, 2022

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1    DR. RAJENDRA BOTHRA,
D-3    DR. GANIU EDU,
D-4    DR. DAVID LEWIS,
D-5    DR. CHRISTOPHER RUSSO,

    Defendants.
_____/

CRIMINAL NO. 18-CR-20800

HON. STEPHEN J. MURPHY III

## BRIEF IN SUPPORT OF UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' EXPERTS AT TRIAL

## Issue Presented

Whether the Court should prevent Sean Weiss, Jordan Johnson, Ryan Vaughn, Dr. Anthony Chiodo, and Dr. Christopher Gharibo from testifying at trial, because defendants Dr. Lewis, Dr. Russo, and Dr. Bothra have not complied with Federal Rule of Criminal Procedure 16(b)(1)(C) for these proposed experts.

## Table of Contents

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. iii
I.     INTRODUCTION ...................................................................................................1
II.    BACKGROUND .....................................................................................................1
    A.    Dr. Lewis's Rule 16(b)(1)(C) disclosures ....................................................1
    B.    Dr. Russo's Rule 16(b)(1)(C) disclosure .....................................................3
    C.    Dr. Bothra's declaration ...............................................................................3
    D.    The government's Rule 16(a)(1)(G) disclosure ...........................................4
III.   ARGUMENT ...........................................................................................................4
IV.   CONCLUSION .......................................................................................................7

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

## Cases

*Chambers v. Mississippi*,
    410 U.S. 284 (1973)

*United States v. Davis*,
    514 F.3d 596 (6th Cir. 2008)

*United States v. Holmes*,
    670 F.3d 586 (4th Cir. 2012)

*United States v. Wilson*,
    493 F. Supp. 2d 484 (E.D.N.Y. 2006)

## Other Authorities

Fed. R. Crim. P. 16(b)(1)(C)

Fed. R. Crim. P. 16(d)(2)

I.       **INTRODUCTION**

The government has charged Drs. Bothra, Edu, Lewis, and Russo—along with two co-defendants—with conspiring to commit health care fraud, conspiring to unlawfully dispense controlled substances, and committing substantive counts of health care fraud and unlawful distribution of controlled substances. To rebut the charges against them, Dr. Lewis has identified four experts, Dr. Russo has identified one, and Dr. Bothra has submitted a declaration of a proposed expert. Dr. Edu has not identified an expert in any manner.

Despite claiming they were complying with Federal Rule of Criminal Procedure 16(b)(1)(C), the defendants did not provide actual opinions for any of the identified experts—except for Dr. James Murphy—nor did they provide the bases and reasons for any opinions. Consequently, the Court should preclude the five experts from testifying at trial.

II.      **BACKGROUND**

    A.     **Dr. Lewis's Rule 16(b)(1)(C) disclosures**

Prior to May 4, 2022, Dr. Lewis had disclosed Dr. James Murphy as an expert at trial, but he had not provided any opinions, or bases and reasons for those opinions, in an expert report. However, on May 4, 2022, Dr. Lewis did provide the government with a Rule 16(b)(1)(C) disclosure for Dr. Murphy. Accordingly, the government is not moving to exclude Dr. Murphy's testimony at trial.

On the other hand, the government is moving to exclude Dr. Lewis's remaining experts, beginning with Sean Weiss. (Ex. 1, Dr. Lewis's Notice of Sean Weiss). The disclosure for Mr. Weiss does not identify a single, concrete opinion—nor any basis for any opinion. Instead, it notes in vague terms that Mr. Weiss will testify about billing and coding involved with pain treatment; the medical necessity of treatments for pain, such as opioids and facet injections; and about his "exhaustive review of Dr. Lewis's relevant patient records…." (*Id.* at pp.1–2).

The disclosure for Dr. Lewis's third proposed expert, Jordan Johnson, fits the same mold. (Ex. 2, Dr. Lewis's Notice of Jordan Johnson). The disclosure states that Mr. Johnson will testify about his statistical modeling of Medicare claims data and MAPS data—(*id.* at pp. 1–2)—but the disclosure does not actually mention any specific model or methodology, nor any particular opinion that Mr. Johnson expects to offer at trial. (*See generally id.*).

The pattern continues with Dr. Lewis's fourth disclosure, for Ryan Vaughn. (Ex. 3, Dr. Lewis's Notice of Ryan Vaughn). Like Mr. Johnson's disclosure, it states that Mr. Vaughn will provide opinions about statistical modeling of Medicare claims data and MAPS data. (*Id.* at pp.1–2). What those actual opinions are, however, are apparently left to the government's imagination. (*See generally id.*).

### B.  Dr. Russo's Rule 16(b)(1)(C) disclosure

Dr. Russo's disclosure for Dr. Anthony Chiodo is similar to Dr. Lewis's disclosures in that it reveals no actual opinions. (Ex. 4, Dr. Russo's Notice of Dr. Anthony Chiodo). It merely states that at trial, Dr. Chiodo will talk about the medical necessity of Dr. Russo's treatments, as well as general practices applicable to pain treatment and the prescription of opioids. (*See generally id.*). Yet again, the government is left in the dark.

### C.  Dr. Bothra's declaration

Dr. Bothra has not provided a Rule 16(b)(1)(C) disclosure in any format. However, in yet another request for leave to renew his motion for bond (ECF No. 369), he submitted a declaration of Dr. Christopher George Gharibo. (ECF No. 369-1, PageID.2840–2844). Dr. Gharibo, who attests to being a pain specialist, notes that he watched undercover videos of specific patient visits. (*Id.* at PageID.2842–43). Despite watching those videos, he (wrongly) claims that the associated medical files produced by the government are incomplete, and as a result, he cannot yet offer any opinions about the medical necessity of the services provided during those visits. (*Id.* at PageID.2843). It is unclear if the defense intends to use Dr. Gharibo at trial, but if it does, his declaration is inadequate to satisfy the requirements of Rule 16.

### D. The government's Rule 16(a)(1)(G) disclosure

In contrast with the defendants' disclosures, the government's expert disclosure—which it provided back on October 31, 2020—is over thirty-two pages long and provides explicit detail about Dr. Neel Mehta's expected opinions at trial and the bases and reasons for those opinions. (*See* ECF 367, PageID.2799–2831).

As of the time of this filing, only eight days remain until trial starts on May 17, 2022.

### III. ARGUMENT

Despite the nature and severity of criminal proceedings, criminal defendants must still follow the well-settled rules of litigation. *See Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("Few rights are more fundamental than that of an accused to present witnesses in his own defense … [but the accused] must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence."). Indeed, the Constitution does not guarantee "an unlimited right to ride roughshod over reasonable evidentiary restrictions." *Wynne v. Renico*, 606 F.3d 867, 870 (6th Cir. 2010) (citing *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc)).

Under the Federal Rules of Criminal Procedure, a defendant, at the government's request,[2] must provide a "written summary of any testimony that the

---

[2] The government made such a request to the defendants on January 29, 2019. (*See*

4

defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence…." Fed. R. Crim. P. 16(b)(1)(C). The summary has to "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* Failure to comply with Rule 16 can result in the exclusion of evidence or "any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2).

In a Sixth Circuit case, *United States v. Davis*, the defendant argued on appeal that the government's expert witness should have been prohibited from testifying, because the government's disclosure under Rule 16(a)(1)(G)—which imposes identical obligations on the government that Rule 16(b)(1)(C) imposes on defendants—did not meet the requirements of the rule. 514 F.3d 596, 611–13 (6th Cir. 2008). In general terms, the government's disclosure stated a "chemist will testify consistent with the laboratory report," and that the chemist's testimony "will be based on training … and experience…." *Id.* at 604. In a subsequent notice, the government added more generic details about the chemists' training and qualifications. *Id.* at 604–05. The Sixth Circuit found that the government had violated Rule 16 by not adequately describing the "bases and reasons" for the chemists' opinions. *Id.* at 612–13.

---

Ex. 5, Ltr. to Mr. Collins; Ex. 6, Ltr. to Mr. Margolis; Ex. 7, Ltr. to Mr. Cranmer).

5

In a Fourth Circuit case, the circuit court upheld the district court's exclusion of the defendant's expert for failing to comply with Rule 16. *United States v. Holmes*, 670 F.3d 586, 597–600 (4th Cir. 2012). In *Holmes*, the defendant provided a Rule 16(b)(1)(C) notice three days before trial. *Id.* at 597. The district court precluded the expert from testifying, in part noting that the "bases and reasons" for the expert's opinions were so lacking that the government was not informed "what it is that the witness [was] going to specifically testify to such that a response [or] even a cross-examination could be prepared." *Id.* at 597–98. In affirming the decision, the Fourth Circuit observed that "[n]either Holmes' brief synopsis of Dr. Ofshe's opinion nor Dr. Ofshe's curriculum vitae provide the bases and reasons for his proposed testimony that individuals sometimes make false confessions." *Id.* at 599.

Even in murder cases in which the government seeks the death penalty, a defendant must still comply with Rule 16. *See United States v. Wilson*, 493 F. Supp. 2d 484, 486–87 (E.D.N.Y. 2006). In *Wilson*, the government moved to preclude a defense expert witness from testifying about the common use of lyrics depicting violence in rap songs, because the defendant's Rule 16 notice consisted of three conclusory statements. *Id.* at 487. Because the disclosure "made no attempt at all to describe 'the bases and reasons for those opinions,'" the court excluded the proposed expert's testimony. *Id.*

6

The disclosures in this case are no different from the ones that violated Rule 16 and warranted exclusion in *Davis*, *Holmes*, and *Wilson*. The disclosures for Dr. Lewis's, Dr. Russo's, and Dr. Bothra's experts cannot even be described as bare bones, because they identify no opinions whatsoever. Instead, in generalities, they state that the proposed experts will testify about the medical necessity of treatments, or about statistical modeling, without informing the government what the actual opinions are or what the bases for those opinions will be. Simply put, they are not "disclosures" in any sense of the word. Certainly, the government cannot have its expert, Dr. Mehta, prepare to respond based on the notices the defendants have provided. Nor can the government prepare for cross-examination in any meaningful way based on what the defendants have submitted.

Accordingly, the Court should prohibit the defendants' experts from testifying. Otherwise, the "fairness and reliability in the ascertainment of guilt and innocence" in this trial would be in significant jeopardy. *See Chambers*, 410 U.S. at 302.

## IV. CONCLUSION

For the foregoing reasons, the Could should preclude Sean Weiss, Jordan Johnson, Ryan Vaughn, Dr. Anthony Chiodo, and Dr. Christopher Gharibo from testifying at trial.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/*Brandon C. Helms*
Brandy R. McMillion
Brandon C. Helms
Assistant United States Attorneys
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9622
Phone: (313) 226-9639
Email: brandy.mcmillion@usdoj.gov
Email: brandon.helms@usdoj.gov

Dated: May 9, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

*/s/Brandon C. Helms*
Brandon C. Helms
Assistant United States Attorney